IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NICHOLAS WARNER JONES,             \*
aka CHARLES JONES, #171-785
        Plaintiff              \*

     v.                                    \*     CIVIL ACTION NO. RDB-04-1243

MARY ANN SAAR, et al.,                \*
        Defendants
                                 \*\*\*\*\*\*\*

**MEMORANDUM OPINION**

On April 21, 2004, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. §1983. Counsel for Defendants has filed a dispositive motion (Paper No. 29), which shall be treated as a Motion for Summary Judgment. Plaintiff has filed a response. (Paper No. 33). No hearing is needed to resolve the question as to whether Plaintiff is entitled to relief in this case. *See* Local Rule 105.6 (D. Md. 2004).

**1. Factual Background**

Plaintiff states that on April 1, 2004, he was assaulted by three other inmates. As a result of the altercation, Plaintiff was charged with violation of Rule No. 102, which prohibits inmates from engaging in acts of violence toward other inmates. Plaintiff claims that he acted in self defense in trying to ward off his attackers. Plaintiff claims that his right to due process was violated during the course of the disciplinary proceedings. (Paper No. 1).

**2. Standard of review**

A genuine issue of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). In making this determination, the evidence

of the party opposing summary judgment is to be believed and all justifiable inferences drawn in his favor. *See Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 196 (4th Cir. 1997) (*citing Anderson,* 477 U.S. at 255). The non-moving party may not rest upon mere allegations or denials in his pleading, however, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 248; *Allstate Fin. Corp. v. Financorp, Inc.*, 934 F.2d 55, 58 (4th Cir. 1991). The "mere existence of a scintilla of evidence in support of...plaintiff's position" is not enough to defeat a defendant's summary judgment motion. *Anderson*, 477 U.S. at 252.

**A.    Due Process**

In prison disciplinary proceedings where a prisoner faces the possible loss of good conduct credits he is entitled to certain due process protections. *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). These include: advance written notice of the charges against him; a hearing; the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns; and a written decision. *Wolff*, 418 U. S. at 564-71. Substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." *Superintendent, Mass. Correctional Institute v. Hill*, 472 U.S. 445, 455 (1985).

The uncontroverted records and Plaintiff's own admissions reveal that on April 1, 2004, he was involved in an altercation with other inmates. Plaintiff was charged with a rule infraction and was provided notice of same on April 1, 2004. (Paper No. 29, Ex. 1, p. 1). The hearing was scheduled for April 8, 2004, but was postponed due to the unavailability of Sgt. Williams, the officer who wrote the incident report. (Paper No. 29, Ex. 1, p. 366). Plaintiff disputes that he requested the witness, Sgt. Williams, or the postponement of the hearing. (Paper Nos. 1 and 33). Plaintiff refused to appear for the rescheduled hearing which was held, in absentia, on April 22, 2004. (Paper No. 29, Ex. 1, p. 4-7). The hearing

officer received evidence that Sgt. Williams saw two inmates fighting, saw bruises and scratches on the face and hands of each inmate, and charged both inmates with violation of Rule 102. (*Id.*) Plaintiff was found guilty of violating Rule 102 and given 150 days segregation as punishment. He lost no good conduct credits as a result of the disciplinary hearing. (*Id.*) Plaintiff received notice of the hearing officer's decision. (*Id.*, Ex. 1., p. 6). His appeal of the adjustment hearing was denied by the Warden. (*Id.*, p. 12).

In light of the facts outlined in the preceding paragraph, the undersigned finds that Plaintiff's due process rights were not violated. Plainly, Plaintiff was afforded the procedural due process required under the law. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). Further, Plaintiff's substantive due process rights were met in that the disciplinary hearing decision was unquestionably based upon "some evidence" submitted before the AHO. *Superintendent, Mass. Correctional Institute v. Hill*, 472 U.S. at 455.

### 3. Conclusion

Given the foregoing, Defendants are entitled to summary judgment in this case. A separate Order shall be entered in accordance with this Memorandum.

/s/
Richard D. Bennett
United States District Judge

Dated:   May 12, 2005

3